UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICCARDO GREEN, | |
|               Plaintiff, | |
|      v. | CASE NO. C06-1456JCC |
| NORTH SEATTLE COMMUNITY COLLEGE, *et al.*, | ORDER |
|               Defendants. | |

This matter comes before the Court on Defendants' Motion to Dismiss (Dkt. Nos. 7, 28) and Plaintiff's Motion to Amend Complaint (Dkt. No. 11).  Having considered the arguments of the parties presented in the papers on these motions and determined that oral argument is unnecessary, the Court hereby finds and rules as follows.

I.      **BACKGROUND AND FACTS**

In the summer of 2001, Plaintiff was hired by Defendant North Seattle Community College ("NSCC") to teach Continuing Education Classes, including Tai Chi and self-defense.  Plaintiff either left or was terminated in 2004.  In the instant suit, Plaintiff alleges that, while he was working there, Defendant NSCC used photographs of him in promotional materials without his permission.  He brings claims for copyright infringement (First Cause of Action), employment discrimination (Second Cause of

ORDER – 1

1  Action), and retaliation (Third Cause of Action).  (Compl. (Dkt. No. 5) ¶¶ IV–VI.)  Plaintiff seeks

2  various injunctive relief, statutory damages, fees, and back pay, as well as a general demand for "***ONE***

3  ***HUNDRED BILLION DOLLARS AND ZERO CENTS***."  (*Id.* ¶ VII.)  Plaintiff's instant allegations

4  center around quarterly class schedule magazines and course brochures published and distributed by

5  NSCC in 2002, 2003, and 2004.  (*Id. passim*; Pl.'s Opp'n, Green Decl. Ex. at 81–87 (NSCC Continuing

6  Education advertisements for 2002, 2003, and 2004).)

7       This is not Plaintiff's first lawsuit against NSCC.  In January 2005, Plaintiff instituted another

8  action in this district—*Green v. North Seattle Community College*, No. C05-129TSZ (W.D.

9  Wash.)—wherein Plaintiff alleged discrimination based upon race, retaliation, and breach of employment

10  contract.  (May 3, 2006 Order (Dkt. No. 115 in C05-129TSZ (W.D. Wash.)).)  In Plaintiff's first lawsuit,

11  summary judgment was granted in favor of NSCC.  (*Id.*)  Plaintiff's opposition to summary judgment in

12  that case contained allegations regarding the unauthorized use of photos in promotional materials of

13  NSCC.  (*E.g.*, Pl.'s Opp'n to Summary Judgment (Dkt. No. 77 in C05-129TSZ (W.D. Wash.)) 2–3.)

14  Plaintiff filed a second lawsuit against NSCC in August 2006 (Compl. (Dkt. No. 3 in C06-1230JCC

15  (W.D. Wash.))), thus making the instant case his third.  While both the second and third lawsuits are

16  currently pending before the undersigned, the instant Order deals substantively only with the third one.

17  Pending motions in C06-1230JCC (W.D. Wash.) will be addressed in a separate Order.

18       Defendants now move to dismiss the instant lawsuit on grounds of *res judicata*.  Plaintiff seeks to

19  amend his Complaint to add a claim for violation of the Equal Pay Act.

20  **II.  ANALYSIS**

21       **A.  Motion to Dismiss or for Summary Judgment**

22       Defendants move for dismissal of this suit pursuant to Federal Rule of Civil Procedure 12(b).

23  They do not specify which provision of Rule 12(b) applies.  However, because they argue *res judicata*,

24  presumably their motion is made on the theory that Plaintiff has failed to state a claim upon which relief

25  can be granted.  FED. R. CIV. P. 12(b)(6).  The Court may dismiss Plaintiff's claims under Rule 12(b)(6)

26  ORDER – 2

only if it "appears beyond doubt" that Plaintiff "can prove no set of facts in support of [his] claim which would entitle [him] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).  In deciding a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded allegations of fact in the complaint and construe them in the light most favorable to Plaintiff. *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001).  Dismissal is warranted "only if it appears to a certainty that [Plaintiff] would be entitled to no relief under any state of facts that could be proved." *Id*.  Despite the liberal standard, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Verifone Sec. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993).

Generally, the Court may not consider materials outside the pleadings on a motion to dismiss without converting the motion into one for summary judgment.  FED. R. CIV. P. 12(b).  However, there are two exceptions to this rule.  The Court may (1) consider materials necessarily part of the complaint even if they are not attached to it and (2) take judicial notice of matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).  Relevant to a motion to dismiss based on the theory of *res judicata*, the public record category includes records of prior judicial proceedings. *Id.*; *see also Kourtis v. Cameron*, 419 F.3d 989, 994 n.2 (9th Cir. 2005).  The Court is guided by these evidentiary restrictions in considering the instant motion to dismiss and can find no reason to convert Defendants' 12(b)(6) motion to a motion for summary judgment.  Materials that do not fit within the foregoing categories will not be considered by the Court.  Moreover, documents from Plaintiff's prior case before Judge Zilly and the allegedly offending publications by NSCC attached to Plaintiff's Opposition, both of which are cited *supra* Part I, are pertinent to the motion to dismiss.  Though they are outside the pleadings, these items are properly considered on a 12(b)(6) motion as matters of public record (C05-129TSZ (W.D. Wash.)) and materials necessarily part of the complaint (NSCC Continuing Education advertisements for 2002, 2003, and 2004)—the latter being essential particularly with respect to the copyright infringement claims.  Having determined the scope of materials regarding dismissal properly considered, the Court turns to the legal basis for Defendants' motion.

ORDER – 3

1    In general, the doctrine of *res judicata* bars a second suit on the same claim *or* on different claims

2  arising from the same facts.  Thus, the bar reaches both grounds of recovery that were asserted and those

3  that were not asserted but could have been.  *Int'l Union of Operating Eng'rs v. Karr*, 994 F.2d 1426,

4  1429 (9th Cir. 1993).  The 3-part *res judicata* test asks whether the earlier suit "'(1) involved the same

5  "claim" or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved

6  identical parties or privies.'"  *Mpoyo v. Litton Electro-Optical Systems*, 430 F.3d 985, 987 (9th Cir.

7  2005) (quoting *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002)).

8    As to the first element ("same claim"), the Court must consider the following factors: (a)

9  "whether the two suits arise out of the same transactional nucleus of facts"; (b) "whether rights or

10  interests established in the prior judgment would be destroyed or impaired by prosecution of the second

11  action"; (c) "whether the two suits involved infringement of the same right"; and (d) "whether

12  substantially the same evidence is presented in the two actions."  *Id.* (citing *Chao v. A-One Med. Servs.,*

13  *Inc.*, 346 F.3d 908, 921 (9th Cir. 2003)).  Whether the two suits arise out of the same "transactional

14  nucleus of facts" is considered the most important of the foregoing factors, often becoming "outcome

15  determinative" as to the first *res judicata* element.  *Mpoyo*, 430 F.3d at 988.

16    The "transactional nucleus of facts" factor is significant in this case.  Plaintiff's claims here, as in

17  C05-129TSZ (W.D. Wash.), center on Defendant NSCC's conduct with respect to Plaintiff's teaching

18  position at NSCC and the materials published promoting courses for 2002, 2003, and 2004 (*see* Green

19  Decl. Ex. at 81–87).  The period of time in which these events allegedly occurred is from approximately

20  2001 through 2004, a time period *prior* to the dismissal of Plaintiff's first suit on May 3, 2006 as well as

21  that suit's inception in January 2005.  Thus, Plaintiff clearly could have raised all of his instant claims in

22  his first lawsuit against NSCC.  The fact that Plaintiff now is attempting to sue NSCC, as well as

23  employees of NSCC who were not parties to the first case, does not change the fact that his claims here

24  arise out of the same transactional nucleus of facts as the first lawsuit.  Further, proving the claims here

25  against all parties would involve substantially the same evidence as was involved in the first lawsuit.

26  ORDER – 4

1  Moreover, because NSCC won the first case on summary judgment, rights established there clearly would

2  be disturbed by a relitigation here.  Finally, though Plaintiff did not actually bring a copyright claim or

3  claims directly arising from his allegations of unauthorized use of photos of him in promotional materials,

4  he actually did raise this issue in opposing summary judgment on the employment and contract claims in

5  the first lawsuit.  Not only does this evidence underscore the transactional unity of the two lawsuits, it

6  demonstrates that there is no question that Plaintiff knew of facts that could give rise to any potential

7  copyright claim while he was litigating the first lawsuit.  Accordingly, the Court finds that the claims in

8  the instant case are the "same" as the claims in Plaintiff's first lawsuit for the purpose of *res judicata*.

9      The second element is whether there was a final decision on the merits in the first lawsuit.  Clearly

10  there was.  Judge Zilly's summary judgment order disposed of all claims in C05-129TSZ (W.D. Wash.)

11  on the merits.  *See generally* RESTATEMENT (SECOND) OF JUDGMENTS § 19 (1982) ("A valid and final

12  personal judgment rendered in favor of the defendant bars another action by the plaintiff on the same

13  claim.").

14      The third and final element is whether the two lawsuits involve identical parties or privies.  They

15  do.  NSCC and Plaintiff are in identical postures here as in Plaintiff's first lawsuit.  The addition as

16  Defendants of employees who might have acted on behalf of NSCC does not change this outcome.

17  Plaintiff does name individual employees as Defendants, but he makes no specific averments as to these

18  individuals, nor any allegations against them distinct from his allegations against NSCC.  Therefore, the

19  capacity in which the employees are sued here is, in essence, as arms of NSCC.  *See Chicago, R.I.&P.*

20  *Ry. Co. v. Schendel*, 270 U.S. 611, 620 (1926) (holding that nominally different parties may be, in legal

21  effect, the same), *cited in U.S. v. ITT Rayonier, Inc.*, 627 F.2d 996, 1003 (9th Cir. 1980) (discussing

22  "substantial identity").

23      Not only are all three *res judicata* elements satisfied, barring Plaintiff's instant lawsuit comports

24  with the purposes of the *res judicata* doctrine.  It cannot be forgotten that *res judicata* bars not only

25  those grounds for recovery that were brought in a prior action, but also those that *could have been*

26  ORDER – 5

1  *brought* in a prior action.  *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982).

2  Plaintiff actually did bring retaliation and discrimination claims, and he could have brought copyright

3  infringement claims in the first suit that he filed.  That he did not join all of his claims does not entitle him

4  to a second opportunity to litigate claims arising from the same transactional nucleus of facts.  Thus,

5  Plaintiff's instant claims of copyright infringement, employment discrimination, and retaliation are all

6  barred by *res judicata*.

7  **B.   Motion to Amend**

8  Plaintiff seeks to add an Equal Pay Act claim to the instant lawsuit by Amended Complaint.  After

9  the initial pleading amendment period provided by the Federal Rules, "a party may amend the party's

10  pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given

11  when justice so requires."  FED. R. CIV. P. 15(a).  The United States Supreme Court has delineated the

12  factors that a district court should consider, as follows.

13  > If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject
   > of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the

14  > absence of any apparent or declared reason—such as undue delay, bad faith or dilatory
   > motive on the part of the movant, repeated failure to cure deficiencies by amendments

15  > previously allowed, undue prejudice to the opposing party by virtue of allowance of the
   > amendment, futility of amendment, etc.—the leave sought should, as the rules require, be

16  > "freely given."

17  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Denial of leave to amend requires stated justification by the

18  district court.  *Id.*

19  The underlying purpose of Rule 15 is to "'facilitate decision on the merits rather than on the

20  pleadings or technicalities.'"  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)

21  (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).  This purpose must guide the Court

22  in determining whether to grant leave to amend.  *Id.*  While Rule 15 must be applied with "extreme

23  liberality," *id.* (citations omitted), there are limits to this command.  In accordance with *Foman*, "[f]our

24  factors are commonly used to determine the propriety of a motion for leave to amend.  These are: bad

25  faith, undue delay, prejudice to the opposing party, and futility of amendment."  *DCD Programs*, 833

26  ORDER – 6

F.2d at 186.  Of the four factors, prejudice is the most important.  *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).  Yet, futility alone may justify denial of leave to amend.  *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2003).

Here, the Court finds that adding Plaintiff's proposed Equal Pay Act claim would be futile.  Precisely because this proposed claim meets one factor in the Rule 15 calculus—arising out of the same underlying facts as his other claims—it must ultimately fail due to another Rule 15 factor—futility.  Just as the discrimination, retaliation, and copyright infringement claims are barred by *res judicata*, so would be Plaintiff's proposed Equal Pay Act claim against NSCC arising out of his teaching position held between 2001 and 2004.  Moreover, Judge Zilly actually addressed alleged pay disparity in his summary judgment order in Plaintiff's first lawsuit.  (May 3, 2006 Order (Dkt. No. 115 in C05-129TSZ (W.D. Wash.)) 3.)  Regardless of whether an Equal Pay Act claim was actually pled in the first lawsuit, it at least could have been pled.  Accordingly, it would be barred by *res judicata* in this lawsuit if the Court were to allow its addition by amendment.

### C.    Rule 11 Notice to Plaintiff

Finally, Federal Rule of Civil Procedure 11 provides that, by presenting to the Court a pleading, a party is

> certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
> (1)  it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; [and]
> (2)  the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law . . . .

FED. R. CIV. P. 11(b).  This Court, being fully aware of the two other lawsuits against North Seattle Community College discussed in this Order (C06-129TSZ (W.D. Wash.) and C06-1230JCC (W.D. Wash.)), and having determined that the instant suit is barred by *res judicata*, hereby gives Plaintiff NOTICE, pursuant to Rule 11, that further lawsuits against the same Defendants, bringing similar claims for conduct covering the same time period as C06-129TSZ (W.D. Wash.) and the instant case, may not

ORDER – 7

1   only be barred by *res judicata*, but also may be deemed improper, harassing, unwarranted, or frivolous,

2   which may in turn cause Plaintiff to incur various SANCTIONS authorized by Rule 11 for failure to

3   adhere to the dictates of this Rule.

4   **III.    CONCLUSION**

5          For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED and Plaintiff's Motion

6   to Amend is DENIED.  Because all of Plaintiff's claims and proposed claims are barred by *res judicata*,

7   the Clerk is DIRECTED to CLOSE this case.  Plaintiff has been given NOTICE pursuant to Rule 11

8   regarding future filings with the Court.

9          SO ORDERED this 6th day of March, 2007.

10

11                                                  John C. Coughenour
                                                    United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   ORDER – 8